IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN A. VONEIDA, | : | CIVIL NO. 1:15-CV-1911 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| JOHN JOHNSON, | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Steven A. Voneida ("Voneida"), an inmate incarcerated at the Harrisburg Community Corrections Center, Harrisburg, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R. 4[1], and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

**I.     Background**

"A jury convicted Steven Voneida of one count of transmitting a threatening communication, in violation of 18 U.S.C. § 875(c). The District Court sentenced him to 19 months' imprisonment", followed by supervised release for a term of three years. United States v. Voneida, 337 Fed. App'x 246, 247 (3d Cir. 2009); United

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R. 1(b).

States v. Voneida, 1:07-cr-312 (M.D. Pa.) (Rambo, J.) at (Doc. 92). His conviction was affirmed on appeal. Voneida, 337 Fed. App'x 246.

On April 16, 2010, Voneida filed his first motion pursuant to 28 U.S.C. § 2255. United States v. Voneida, 1:07-cr-312 (M.D. Pa.) at (Doc. 110). He subsequently withdrew the motion and elected to file one all-inclusive motion pursuant to § 2255. Id. at (Doc. 112).

On July 14, 2010, Voneida filed his second motion pursuant to 28 U.S.C. § 2255. United States v. Voneida, 2010 WL 5300558 (M.D. Pa. 2010). The motion was denied on December 20, 2010. Id. Thereafter, Voneida filed two motions to alter or amend judgment, which were denied. United States v. Voneida, 1:07-cr-312 (M.D. Pa.) at (Docs. 133, 134, 148, 149).

On December 20, 2011, Voneida filed another motion under 28 U.S.C. § 2255, which was dismissed for failure to first obtain authorization from the court of appeals to file a successive § 2255. Id. at (Docs. 139, 140). He then filed a motion for relief from judgment, which was dismissed. Id. at (Docs. 141, 142). His appeal of these orders to the Third Circuit Court of Appeals was dismissed. Id. at (Docs. 143, 150).

The instant petition was filed on October 2, 2015. (Doc. 1). Voneida claims that 28 U.S.C. § 2255 provides an inadequate or ineffective remedy to test the legality of his detention. (Id. at 5). He argues that his underlying criminal conduct was rendered unconstitutional by the United States Supreme Court's decision in

Elonis v. United States, 135 S.Ct. 2001 (2015).[2]  (Id.)  Voneida requests that the court "order [him] released from custody."  (Id. at 8).

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255.  Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law."  28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective.  See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52.  Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief.  See id. at 251.  Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas

---

[2] Pursuant to Elonis, a conviction under § 875(c) requires evidence that a "defendant transmit[] a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat."  Elonis v. United States, 135 S.Ct. 2001, 2012 (2015).

corpus petition in this court.[3]  Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.  If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction.  Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971).

Although Voneida's claims fall within the purview of § 2255, he has failed to seek permission to file a second or successive § 2255 motion as required by 28 U.S.C. § 2244(b)(3)(A), prior to proceeding in this court.  Voneida acknowledges that he did not obtain authorization from the court of appeals to file a successive § 2255 prior to filing the instant petition.  (Doc. 1 at 5).  Moreover, Voneida's most recent motion filed in the sentencing court was denied based on his failure to seek permission to file a second or successive § 2255.  He has failed to show that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence.  Further, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

---

[3] The gatekeeping requirement, 28 U.S.C. § 2255(h), states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Voneida's recourse lies with a second or successive motion pursuant to 28 U.S.C. § 2255 in the sentencing court.  As indicated above, Voneida previously filed motions pursuant to 28 U.S.C. § 2255, therefore he must seek permission to file a successive petition with the Court of Appeals for the Third Circuit. Consequently, the instant petition will be dismissed for lack of jurisdiction.

An appropriate order will issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     October 16, 2015